UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVE MOLLOY, derivatively on behalf of
RAYONIER, INC.,

    Plaintiff,

v.                                                     CASE NO. 3:17-cv-1157-J-20MCR

PAUL G. BOYNTON, *et al.*,

    Defendants,

and

RAYONIER, INC., a North Carolina
Corporation,

    Nominal Defendant.
_____/

**ORDER**

       **THIS CAUSE** is before the Court on Plaintiff's Unopposed Motion for Leave to File Under Seal ("Motion") (Doc. 2). The Motion seeks leave, pursuant to Local Rule 1.09, to publicly file a redacted version of the Verified Stockholder Derivative Complaint ("Complaint") and to file under seal an unredacted version of the Complaint. (*Id.*) For the reasons stated herein, the Motion is due to be **GRANTED**.

      As an initial matter, whether documents may be filed under seal is a separate issue from whether the parties may agree that the documents are confidential because the public has "a common-law right to inspect and copy

judicial records and public documents." In re *Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987) (per curiam). Nevertheless, the public's right of access to judicial records may be overcome by a showing of good cause by the party seeking protection, which includes a balancing of interests. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001) (per curiam); *see also Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). Good cause "generally signifies a sound basis or legitimate need to take judicial action." In re *Alexander*, 820 F.2d at 356.

If the court finds that good cause exists, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. *Chicago Tribune*, 263 F.3d at 1313. In balancing these interests:

> [C]ourts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246. Even in the absence of a third party challenging the protection of information, the court, as "the primary representative of the public interest in the judicial process," is bound by duty "to review any request to seal the record (or part of it) [and] may not rubber stamp a stipulation to seal the record." *Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d

1353, 1363 (N.D. Ga. 2002).

Further, pursuant to Local Rule 1.09(a):

> Unless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. . . . Every order sealing any item pursuant [to] this section shall state the particular reason the seal is required.

M.D. Fla. R. 1.09(a).

As Plaintiff has satisfied each of the above listed requirements, the Court will allow him to file an unredacted version of the Complaint under seal, with a redacted version of the Complaint remaining on the public docket. The Complaint contains confidential and proprietary business information, the release of which could cause Rayonier competitive harm, and there is no less restrictive method available to protect this information. *See Patent Asset Licensing, LLC v. Bright House Networks, LLC*, Case No. 3:15-cv-742-J-32MCR, 2016 WL 2991057, *2 (M.D. Fla. May 24, 2016) (permitting a party to file confidential business information under seal); *Bastian v. United Servs. Auto. Assoc.*, Case No 3:13-cv-1454-J-32MCR, 2014 WL 6908430 (M.D. Fla. Dec. 8, 2014) (same).

Accordingly, it is **ORDERED**:

The Motion (**Doc. 2**) is **GRANTED**. The Clerk of Court shall file under seal the unredacted version of the Complaint provided by Plaintiff, which shall remain under seal for the duration of this litigation or until further Order of the Court.

**DONE AND ORDERED** at Jacksonville, Florida, on October 19, 2017.

*[Signature]*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

Any Unrepresented Party