## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

DAVE MOLLOY, derivatively on behalf
of Rayonier, Inc.,

      Plaintiff,

v.                                    Case No. 3:17-cv-1157-J-32MCR

PAUL G. BOYNTON, NANCY LYNN
WILSON, HANS VANDEN NOORT, C.
DAVID BROWN, II. , MARK E.
GAUMOND, JAMES H. MILLER,
THOMAS I. MORGAN, RONALD
TOWNSEND, and RAYONIER, INC., a
North Carolina Corporation, Nominal
Defendant,

      Defendants.

_____

## ORDER PRELIMINARILY APPROVING
## PROPOSED SETTLEMENT

WHEREAS, plaintiff Dave Malloy ("Plaintiff") has made an unopposed motion (Doc. 31), pursuant to Federal Rule of Civil Procedure 23.1(c), for an order: (i) preliminarily approving the proposed settlement (the "Settlement") of the above-captioned stockholder derivative action (the "Action") in accordance with the Stipulation and Agreement of Settlement dated April 16, 2018 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions of the proposed Settlement and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and (ii) approving distribution of the Notice of

Proposed Derivative Settlement (the "Notice") and Summary Notice of Proposed Derivative Settlement ("Summary Notice") attached to the Stipulation as Exhibits D and E, respectively;

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, this Court, having considered the Stipulation and the exhibits annexed thereto, having heard the arguments of the parties at a hearing held July 2, 2018 and having received and reviewed supplemental materials in support of the motion for preliminary approval (Doc. 48 with attached exhibits);

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Court **GRANTS** Plaintiff's unopposed motion for preliminary approval of the Settlement (Doc. 31).

2. This Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for: (i) a proposed Settlement and dismissal of the Action with prejudice as to the Released Persons; and (ii) an award of attorneys' fees and reimbursement of expenses to the Stockholders' Counsel.

3. A hearing (the "Settlement Hearing") shall be held before this Court on **October 16, 2018, at 10:00 a.m.** at the Bryan Simpson U.S. Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202, to determine: (i) whether the proposed

Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, in the best interests of Rayonier and its stockholders, and should be approved by the Court; (ii) whether to approve the Agreed-Upon Fees; (iii) whether to approve Incentive Awards to any of the Stockholders; and (iv) whether the District Court Approval Order and Judgment attached to the Stipulation as Exhibits F and G, respectively, should be entered herein.

4.     The Court approves, as to form and content, the Notice and Summary Notice (attached to the Stipulation as Exhibits D and E, respectively) and finds that the distribution of the Notice and Summary Notice substantially in the manner and form set forth in ¶ 3.1 of the Stipulation meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice of the matters set forth therein for all purposes to all Persons entitled to such notice.

5.     Not later than **August 29, 2018**, Rayonier shall cause a copy of the Notice to be filed with the Securities and Exchange Commission on a Form 8-K. As soon thereafter as is practicable, Rayonier shall cause the Summary Notice to be published one time in the Investors' Business Daily. Rayonier shall also publish at that time the Stipulation, including the exhibits thereto, and the Notice on an Internet page that Rayonier shall create for this purpose, which shall be accessible via a link on the "Investor Relations" page of https://www.Rayonier.com, the address of which shall be contained in the Notice. Rayonier and/or its insurers shall be solely responsible for the costs of disseminating the Notice and Summary Notice.

6.     By **September 25, 2018**, Rayonier's counsel shall serve on Stockholders' Counsel and file with the Court proof, by affidavit or declaration, of such publication of the Notice and Summary Notice.

7.     All Current Rayonier Stockholders shall be bound by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Current Rayonier Stockholders.

8.     Pending final determination of whether the Settlement should be approved, no Current Rayonier Stockholder, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

9.     All papers in support of the Settlement and the Agreed-Upon Fees shall be filed with the Court and served by **September 11, 2018**. Any objection to Stockholders' Counsel's application for attorneys' fees and expenses shall be filed and served no later than **September 25, 2018**. Any replies to any objections shall be filed with the Court and served by **October 9, 2018**.

10.     Any Current Rayonier Stockholder may appear and show cause if he, she, or it has any reason why the terms and conditions of the proposed Settlement should not be approved as fair, reasonable, and adequate; why the District Court Approval Order and a Judgment should not be entered thereon; or why the Agreed-Upon Fees should not be approved; provided, however, that unless otherwise ordered by the Court, no Current Rayonier Stockholder shall be heard or entitled to contest the approval of all or any of the terms and conditions of the proposed Settlement, the

4

Agreed-Upon Fees to be awarded to the Stockholders' Counsel, or, if approved, the District Court Approval Order and the Judgment to be entered thereon, unless that Current Rayonier Stockholder has, by **September 25, 2018**, filed with the Clerk of the Court and delivered to the following counsel (by hand or overnight courier or sent by first class mail): (1) a written objection to the Settlement setting forth: (a) the stockholder's name, address, and telephone number; (b) the nature of the objection; (c) proof of current ownership of Rayonier stock, including the number of shares of Rayonier stock and the date of purchase; and (d) any documentation in support of such objection; and (2) if a Current Rayonier Stockholder intends to appear in person, or through counsel, and requests to be heard at the Settlement Hearing, such stockholder must have provided, in addition to the requirements of (1) above, (a) a written notice of such stockholder's intention to appear; and (b) the identities of any witnesses the stockholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony, signed as authorized by the objecting stockholder, and served copies of any papers and briefs in support thereof to:

> Kip B. Shuman
> THE SHUMAN LAW FIRM
> One Montgomery Street, Ste. 2800
> San Francisco, CA 94104
>
> *Counsel for Plaintiff*
>
> Janine Cone Metcalf
> JONES DAY
> 1420 Peachtree Street, N.E., Suite 800
> Atlanta, GA 30309
>
> *Counsel for Nominal Defendant Rayonier Inc.*

The written objections and copies of any papers and briefs in support thereof to be filed in Court shall be delivered by hand, overnight courier, or sent by first class mail to:

> CLERK OF THE COURT
> Bryan Simpson U.S. Courthouse
> 300 North Hogan Street
> Jacksonville, FL 32202

Any Current Rayonier Stockholder who does not make his, her, or its objection substantially in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement as incorporated in the Stipulation and to the Agreed-Upon Fees, unless otherwise ordered by the Court, but shall otherwise be bound by the District Court Approval Order and Judgment to be entered and the releases to be given.

11.     The provisions contained in the Stipulation (including any exhibits attached thereto) shall not be deemed a presumption, concession, or admission by any Settling Party of (i) any fault, liability, or wrongdoing, or (ii) lack of merit as to any facts or claims alleged or asserted in the Action or in any other action or proceeding. The provisions contained in the Stipulation shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used by any person in the Action or in any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Settlement. The Released Persons may file the Stipulation, District Court Approval

Order, and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, breach of contract, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.     All proceedings in the Action, other than as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended pending final determination of whether the Settlement provided for in the Stipulation shall be approved.

13.     Pending the Effective Date of the Stipulation or the termination of the Stipulation according to its terms, the Stockholders and their Related Persons are barred and enjoined from initiating, instituting, commencing, maintaining, prosecuting, or in any way participating in any action or proceeding asserting any of the Released Claims against any of the Released Persons.

14.     The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Rayonier stockholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

15.     The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Rayonier stockholders.

7

      **DONE AND ORDERED** in Jacksonville, Florida the 17th day of August, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies:

Counsel of record