**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DAVE MOLLOY, derivatively on behalf
of Rayonier, Inc.,

    Plaintiff,

v.    Case No. 3:17-cv-1157-J-32MCR

PAUL G. BOYNTON, NANCY LYNN
WILSON, HANS VANDEN NOORT, C.
DAVID BROWN, II. , MARK E.
GAUMOND, JAMES H. MILLER,
THOMAS I. MORGAN, RONALD
TOWNSEND, and RAYONIER, INC., a
North Carolina Corporation, Nominal
Defendant,

    Defendants.

## ORDER APPROVING DERIVATIVE SETTLEMENT AND ORDER OF DISMISSAL WITH PREJUDICE

On October 30, 2018, this matter came before the Court for a final approval hearing pursuant to the Order of this Court, dated August 17, 2018 ("Order"), (Doc. 49), on Plaintiff's Unopposed Motion for Final Approval of Derivative Settlement ("Settlement") set forth in the Stipulation and Agreement of Settlement, dated April 16, 2018 (the "Stipulation"), (Doc. 51). Due and adequate notice having been given of the Settlement, and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED that**:

1. The Court **GRANTS** Plaintiff's Motion for Final Approval of Derivative Settlement and Approval of the Agreed-Upon Attorneys' Fees and Expenses, (Doc. 51).

2. This Order Approving Derivative Settlement, Order of Dismissal With Prejudice ("District Court Approval Order") incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein).

3. The Court finds that the notice provided to Current Rayonier Stockholders was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all Persons entitled to such notice. The notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

4. The Court finds that the terms of the Stipulation and Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and Settlement in all respects, and orders the Settling Parties to implement and consummate its terms to the extent the Settling Parties have not already done so. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

5. The Action and all claims contained therein, as well as all of the Released Claims, are **DISMISSED WITH PREJUDICE**. As among the Settling Parties, the

parties are to bear their own costs, except as otherwise provided in the Stipulation or below.

6. Upon the Effective Date, the Releasing Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Persons from the Released Claims and shall be forever barred and enjoined from initiating, instituting, commencing, maintaining, or prosecuting any of the Released Claims against any of the Released Persons. The Releasing Persons shall be deemed to have waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of any state, federal, or foreign law, or principle of common law, which may have the effect of limiting the foregoing release. The foregoing release shall include a release of Unknown Claims (as defined in the Stipulation).

7. Upon the Effective Date, Defendants and the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Stockholders and Stockholders' Counsel from all claims, sanctions, actions, liabilities, or damages (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims; *provided, however*, that this release shall not include any claims relating to the enforcement of the Stipulation, the Settlement, or the Judgment.

8. Upon the Effective Date, Defendants, the Stockholders (acting on their own behalf and derivatively on behalf of Rayonier), and Current Rayonier

Stockholders, shall be forever barred and enjoined from commencing, instituting or prosecuting any of the Released Claims against any of the Released Persons; provided, however, that nothing herein shall in any way release, waive, impair, or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

9. The Court hereby approves a total award of **$1,995,000**, comprised of attorneys' fees, expenses, and incentive awards as fair and reasonable, which amount shall be paid to Stockholders' Counsel in accordance with the terms set forth in the Stipulation.

10. The Court hereby approves the incentive awards for which certain of the Stockholders have applied, in the amount of **$5,000** each, to be paid in accordance with the terms set forth in the Stipulation.

11. The provisions contained in the Stipulation (including any exhibits attached thereto) shall not be deemed a presumption, concession, or admission by any Settling Party of (i) any fault, liability, or wrongdoing, or (ii) lack of merit as to any facts or claims alleged or asserted in the Action or in any other action or proceeding. The provisions contained in the Stipulation shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used by any person in the Action or in any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Settlement. The Released Persons may file the Stipulation, this District Court Approval Order, and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*,

collateral estoppel, full faith and credit, breach of contract, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.  During the course of the Action, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

13.  Without affecting the finality of this District Court Approval Order and the Judgment in any way, this Court hereby retains continuing jurisdiction over the Action to enter any further orders as may be necessary to effectuate, implement and enforce the Stipulation and the Settlement provided for therein and the provisions of this District Court Approval Order. The Settling Parties and each Current Rayonier Stockholder are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Settlement or the Stipulation, including the exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Judgment, the Court retains exclusive jurisdiction over any such suit, action or proceeding. Solely for purposes of such suit, action or proceeding, to the fullest extent they may effectively do so under applicable law, the Settling Parties and Current Rayonier Stockholders are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

14. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, the parties shall move the Court to vacate this District Court Approval Order and the Judgment, so that all Orders entered and releases delivered in connection with the Stipulation, District Court Approval Order, and Judgment shall be null and void, except as otherwise provided for in the Stipulation.

15. This District Court Approval Order and the Judgment are final and appealable resolutions in the Action as to all claims, and the Court shall immediately enter Judgment in accordance with Rule 58, Federal Rules of Civil Procedure, dismissing the Action with prejudice.

**DONE AND ORDERED** in Jacksonville, Florida the 2nd day of November, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies:

Counsel of record